## Grand Trunk and Western Railroad *v.* Glinski.

[No. 10,092.    Filed November. 21, 1919.]

1. TRIAL.—*Instructions.—Covered Requests Properly Refused.*— It was proper to refuse requested instructions fully covered by instructions given.  p. 398.

2. APPEAL.—*Instructions.—Evidence.—Burden on Appeal.*—When an appellant claims that an instruction should have been given; it has the burden of showing that it is applicable to the evidence. p. 399.

3. APPEAL.—*Instructions.—Briefs.—Presumptions.*—Where appellant by his brief fails to set out in his statement of the evidence written instruments upon whose contents depend the correctness of rulings refusing and giving instructions, no error is shown, as the presumption is that the action of the court was correct.  p. 399.

4. APPEAL.—*Carriers.—Instructions.—Bill of Lading.—Delivery.*— Where, in an action for negligent loss of goods by carrier, the evidence was such as to make it a question of fact whether the goods had been delivered to the plaintiff, it was error for the court to instruct the jury as matter of law that the carrier was bound to care for and guard such goods for a certain period after their arrival, under the provisions of the bill of lading, and without reference to whether such goods had been delivered. p. 400.

5. CARRIERS.—*Lost Goods.—Evidence of Delivery.—Question of Fact.*—Where the plaintiff in an action for negligent loss of goods rode in the car with his goods and horses to destination, and there signed the bill of lading and accepted the expense bill, and unloaded his horses, wagon and harness, leaving the lost goods in the car on the unloading track, and where the evidence is conflicting as to whether anything was said between him and the agent of the carrier on the subject of leaving the balance of the property in the care of the company, the question as to whether the property had been delivered to plaintiff was a question of fact for the jury.  p. 400.

From LaPorte Circuit Court; *James F. Gallaher,* Judge.

Action by Martin R. Glinski against the Grand Trunk and Western Railroad. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Andrew J. Hickey* and *Norman F. Wolfe,* for appellant.

*Ellsworth E. Weir,* for appellee.

McMahan, J.—This is an action by appellee against appellant to recover damages for personal property alleged to have been stolen while in appellant's possession. There was a trial by jury, a general verdict for appellee with answers to interrogatories, and a judgment upon the verdict for appellee.

The only error assigned is the overruling of appellant's motion for a new trial. The complaint is in two paragraphs. The first alleges that appellee delivered to appellant at Griffith, Indiana, certain household goods and horses for shipment to Crumstown, Indiana, and that appellant failed and neglected to deliver the same to appellee at Crumstown or any other place. The second paragraph contains the same allegations as the first, and also alleges that after the car in which the goods were shipped had arrived at Crumstown, and had been placed on appellant's track for the purpose of being unloaded, appellant failed and neglected to properly guard, protect, care for, and to look after said car, and that the car was entered by some person unknown, and said property taken therefrom and wholly lost to appellee.

Appellant contends that the court erred in 1. refusing to give instructions Nos. 1, 2, 3 and 4 tendered by it. Numbers 1 and 4 as tendered are fully covered by Nos. 2 and 3 given by the court. Instructions Nos. 2 and 3 tendered were in reference

to the construction to be given to the bill of lading and live-stock contract under which the property was shipped.

When an appellant claims that an instruction should have been given, it has the burden of showing that it is applicable to the evidence. The appellant contends that the court erred in refusing to give these two instructions, the correctness of which depends wholly upon the contents of certain written instruments, which appellant has failed to set out in the statement of the evidence. No error is therefore shown in the refusal to give these instructions. For a like reason we hold that there was no error in the fourth instruction given, wherein the court instructed the jury as to the effect of this instrument, and told them that it had no effect on the liability of the appellant for the loss of the goods mentioned in the complaint. In the absence of a showing to the contrary, we must presume this instruction is correct.

Complaint is also made of the eighth instruction given by the court on its own motion. This instruction informed the jury that under the bill of lading the appellee was entitled to forty-eight hours after notice of the arrival of the goods to unload them, and that during that period the goods were in the car at the risk of appellant, and that it was the appellant's duty to properly care for and guard such goods during that time; that a failure to properly protect such goods would be negligence on its part, for which it would be liable.

The appellee testified that he rode in the car with the property from Griffith to Crumstown, and after reaching Crumstown he went to appellant's agent and

told him he wanted to unload the horses, wagon and harness, but would leave all of the other goods in the car until he got a room in the house at the farm; that he signed a bill of lading, and the agent gave him the expense bill, and that nothing more was said by either appellee or the agent; that he unloaded the horses, wagon and harness, closed the door, and told appellant's agent that he was leaving the balance of the property in the care of the company; that he went away and did not return until two days later, and found part of the goods missing.

Appellant's agent at Crumstown testified that the car containing appellee's goods was placed on the unloading track; that appellee came to the office of the appellant after the arrival of the car and signed a receipt, after which appellee unloaded the horses; that appellee did not say anything to him about leaving the goods in the car.

The question as to whether the property had been delivered to appellee was a question of fact for the jury. If the goods were delivered to appellee, appellant's liability was at an end. If there was no delivery of the goods left in the car, then appellant's liability had not ended. Instruction No. 8 informed the jury that, as a matter of law, appellant was in duty bound to care for and guard such goods for a period of forty-eight hours after their arrival without any reference to whether the goods had been delivered or not. This instruction would have been correct if it had been limited to the theory that there had not been a delivery of the goods, but in the form given it was error for which judgment must be reversed.

Judgment reversed, with instructions to sustain the motion for a new trial.